**ELSTON INVESTMENT, LTD.,**
**Plaintiff-Appellant,**

v.

**DAVID ALTMAN LEASING CORPORA-TION and ThermaSol, Ltd.,**
**Defendants-Appellees.**

**No. 83–1168.**

United States Court of Appeals,
Seventh Circuit.

Argued June 1, 1983.
Decided April 9, 1984.

Malachy J. Coghlan, Malachy J. Coghlan & Assoc., Chicago, Ill., for plaintiff-appellant.

Thomas B. Meyer, Acton, Acton, Meyer & Smith, Danville, Ill., for defendants-appellees.

Before ESCHBACH and COFFEY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.[*]

ESCHBACH, Circuit Judge.

The issue presented is whether, for purposes of determining diversity jurisdiction, the citizenship of a limited partnership is the citizenship of all the partners—both general and limited—or of only the general partners. We hold that the citizenship of all the partners is relevant to a determination of the partnership's citizenship.

### I.

The plaintiff below, Elston Investment, Ltd. ("Elston"), is a limited partnership organized under the laws of Illinois. Ill.Rev. Stat. ch. 106½, §§ 44–73. Elston's general partner is Douglas Neison, a citizen of Illinois. The limited partners are Raymond Cross and Lewis Pedacini, both Illinois citizens, and Federal Chicago Corp., a Delaware corporation with its principal place of business in Illinois. The defendant, ThermaSol, Ltd. ("ThermaSol") is also a Delaware corporation though its principal place of business is in New Jersey.

Elston originally filed this action for breach of warranty and negligence in the Circuit Court of Kankakee County, Illinois.[1] ThermaSol then removed the case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1441(a). Thereafter, Elston moved to remand the case to the Illinois state court on the ground that complete diversity of citizenship was lacking because both Federal Chicago Corp. and ThermaSol are citizens of Delaware. 28 U.S.C. § 1332(a)(1), (c); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). The district court denied Elston's motion

and certified its ruling for an immediate interlocutory appeal. 28 U.S.C. § 1292(b). We accepted the appeal and now reverse the decision of the district court.

### II.

The Supreme Court has directed federal courts, when determining whether complete diversity of citizenship exists, to "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). *See also Susquehanna & Wyoming Valley R.R. & Coal Co. v. Blatchford*, 78 U.S. (11 Wall.) 172, 177, 20 L.Ed. 179 (1871); *Marshall v. Baltimore & Ohio R.R.*, 57 U.S. (16 How.) 314, 328–29, 14 L.Ed. 953 (1854); *McNutt v. Bland*, 43 U.S. (2 How.) 9, 15, 11 L.Ed. 159 (1844). The Court first applied this rule to unincorporated associations in *Chapman v. Barney*, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889). There, the Court held that the citizenship of a joint stock company, which it referred to as "a mere partnership," was the citizenship of each company member. *Id.* at 682, 9 S.Ct. at 427. The Court recently reaffirmed this rule in *Navarro*, where it stated:

The early cases held that only persons could be real parties to the controversy. Artificial or "invisible" legal creatures were not citizens of any State. *Bank of the United States v. Deveaux*, 5 Cranch 61, 86–87, 91, 9 U.S. 61, 3 L.Ed. 38 (1809). Although corporations suing in diversity long have been "deemed" citizens, ... unincorporated associations remain mere collections of individuals. When the "persons composing such association" sue in their collective name, they are the parties whose citizenship determines the diversity jurisdiction of a federal court.

446 U.S. at 461 (quoting *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842

---

[*] The Honorable Anthony J. Celebrezze, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. Elston owns and operates the Holiday Inn of Bradley, Illinois. Elston alleges in its complaint that a subsidiary of ThermaSol negligently installed 103 "In-Room" steam baths.

(1900)) (footnote omitted). *See also United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Thomas v. Board of Trustees*, 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160 (1904); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900).[2]

ThermaSol does not contest the fact that a limited partnership is an unincorporated association or that limited partners are members of such an association. Instead, ThermaSol urges us to adopt an exception for limited partnerships to this long-established rule. Under its proposed exception, a limited partnership's citizenship would be based only on the citizenship of the general partners, a subset of the "persons composing" a limited partnership.

The Second Circuit has adopted such an exception to the rule, though that court did so with only a short discussion and no supporting case cites. *See Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178, 183–84 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966). *See also Wroblewski v. Brucher*, 550 F.Supp. 742, 751 (W.D.Okla.1982); *Sixth Geostratic Energy Drilling Program 1980 v. Ancor Exploration Co.*, 544 F.Supp. 297, 305 (N.D. Okla.1982); *Williams v. Sheraton Inns, Inc.*, 514 F.Supp. 22, 22 (E.D.Tenn.1980); *C.P. Robinson Construction Co. v. National Corporation for Housing Partnerships*, 375 F.Supp. 446, 449 (M.D.N.C.1974). The Third Circuit, however, has rejected the rule now urged on us by ThermaSol. *See Trent Realty Ass'n v. First Federal Savings and Loan Ass'n*, 657 F.2d 29, 32 (3d Cir.1981); *Carlsberg Resources Corp., v. Cambria Savings and Loan Ass'n*, 554 F.2d 1254 (3d Cir.1977). *See also Hereth v.*

*Jones*, 544 F.Supp. 111 (E.D.Va.1982); *Grynberg v. B.B.L. Assocs.*, 436 F.Supp. 564, 568 (D.Colo.1977). We find the Third Circuit's view to be more consonant with Supreme Court precedent and, therefore, reject the rule urged by ThermaSol.

### III.

ThermaSol bases its argument for an exception to the rule on an analogy between a limited partnership and an express business trust. ThermaSol points out that general partners, like a trustee, manage the assets of a limited partnership and control litigation involving the partnership. Limited partners and trust beneficiaries, on the other hand, have no say in the management of assets or litigation. Because the Court held in *Navarro Saving Ass'n v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), that only the trustee of an express business trust was a "real party" to controversies involving the trust, ThermaSol concludes that only the general partners are "real parties" to controversies involving a limited partnership.

In *Navarro*, the Supreme Court explicitly rejected the very analogy upon which ThermaSol now relies.[3] *See id.* at 463 n. 10, 100 S.Ct. at 1783 n. 10. The Court explained that a trustee sues on his own behalf; an association, however, brings actions in its own name on behalf of all the association's members. *Id.; Bank of the United States v. Deveaux*, 9 U.S. (5 Cranch) 61, 91, 3 L.Ed. 38 (1809). For this reason, we too reject the analogy.

In addition, we reject the argument that limited partners are not "real parties" to controversies involving the partnership because they have no capacity to sue on behalf of the partnership. *See* Ill.Rev.Stat.

---

**2.** While the Supreme Court has not addressed the precise issue now before this court, one of the leading cases on the citizenship of unincorporated associations did involve a limited partnership. *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900). Because the limited partnership in that case consisted of only one class of partners, we do not find the case to be directly controlling. We concur with the Third Circuit, however, that "the rule devised [there] ... may well apply in a

situation such as the one here." *Carlsberg Resources Corp. v. Cambria Savings and Loan Ass'n*, 554 F.2d 1254, 1258 (3d Cir.1977).

**3.** The petitioner in *Navarro* contended that the citizenship of both a business trust's trustee and beneficiaries should determine the citizenship of the trust for diversity purposes because a business trust was analogous to an unincorporated association.

ch. 106½, § 69. The Supreme Court held in *Chapman v. Barney*, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889), that the citizenship of every member of a joint stock company was relevant to a determination of diversity even though suit could only be brought in the name of the company's president. *See also Carlsberg Resources Corp. v. Cambria Savings and Loan Ass'n*, 554 F.2d 1254, 1259 (3d Cir.1977).

We also find no merit to ThermaSol's assertion that the citizenship of limited partners is irrelevant because they neither manage partnership assets nor control partnership litigation. *See* Ill.Rev.Stat. ch. 106½, § 52. Supreme Court precedent clearly demonstrates that *all* association members' citizenship is relevant to a determination of diversity even if all members do not have managerial responsibility. For instance, union members generally delegate managerial responsibility to their elected leaders, yet each member's citizenship determines the citizenship of the union. *United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965).[4]

We find no basis in precedent for allowing the exception to the diversity rule requested by ThermaSol. Indeed, even were we to find ThermaSol's arguments compelling, the Supreme Court has made it abundantly clear that any change in the rules for determining diversity of citizenship must come from Congress. *See United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). In that case, the Court found the union's arguments for an excep-

tion to the longstanding rule for unincorporated associations "appealing," but declared nonetheless that it had no power to alter the rule. Congress, it noted, was the appropriate forum in which to seek changes to the rule.[5] *See id.* at 147, 150–51, 86 S.Ct. at 274–75. Absent a clear directive to the contrary from either the Supreme Court or Congress, we must reject ThermaSol's application for an exception. We hold, therefore, that the citizenship of a limited partnership is the citizenship of all the partners—both general and limited—composing the partnership.

## IV.

Both Federal Chicago Corp., one of Elston's limited partners, and ThermaSol, the defendant, are Delaware corporations and, therefore, citizens of Delaware. *See* 28 U.S.C. § 1332(c). Under the well-established rule set forth above, complete diversity is lacking. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Trent Realty Ass'n v. First Federal Savings and Loan Ass'n*, 657 F.2d 29 (3d Cir.1981); *Carlsberg Resources Corp. v. Cambria Savings and Loan Ass'n*, 554 F.2d 1254 (3d Cir.1977). The decision of the district court is reversed and the case is remanded with instructions to remand the action to the Circuit Court of Kankakee County, Illinois, from which it was removed.

---

**4.** Similarly, the Court once mandated that the citizenship of a corporation, also a "mere collection of individuals," was the citizenship of every shareholder, and not just that of the corporation's board of directors. *See Susquehanna & Wyoming Valley R.R. & Coal Co. v. Blatchford*, 78 U.S. (11 Wall.) 172, 20 L.Ed. 179 (1871); *Marshall v. Baltimore & Ohio R.R.*, 57 U.S. (16 How.) 314, 14 L.Ed. 953 (1854); *Bank of the United States v. Deveaux*, 9 U.S. (5 Cranch) 61, 3 L.Ed. 38 (1809). As a result of a legal fiction, shareholders were deemed to be citizens of the state under whose laws the corporation was incorporated. *Marshall v. Baltimore & Ohio R.R.*, 57 U.S. (16 How.) 314, 14 L.Ed. 953 (1854). Consequently, a corporation was a citizen of the state of its incorporation for all practical pur-

poses. *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). Congress codified this legal fiction in 1958. *See* Act of July 25, 1958, § 2, *codified at* 28 U.S.C. § 1332(c).

**5.** The union sought to have its citizenship determined as an entity rather than by the citizenship of its individual members. ThermaSol concedes that a limited partnership is not a citizen of the state under whose laws it is organized. Though the union sought a different exception to the diversity rule than that sought by ThermaSol, the Court's mandate concerning changes in the rule is equally applicable here.