**Jo Ann GORE, Plaintiff,**

v.

**James C. STENSON, Interests and James C. Stenson, Individually, Defendants.**

**Civ. A. No. H–84–1162.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 7, 1984.

---

Daniel F. Prashner, Vela & Prashner, Houston, Tex., for plaintiff.

Michael D. Cucullu, Michael D. Cucullu, P.C., Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Plaintiff commenced an action in the District Court of Harris County, Texas, seeking recovery for damages resulting from an alleged breach of a limited partnership agreement between herself and the defendant. Defendant answered by way of general denial in state court and then filed a petition for removal to this Court in accordance with 28 U.S.C. § 1446. Plaintiff now requests a remand to the State Court, alleging that: 1) defendant's answer in state court resulted in a waiver of his right to remove; and 2) that the defendant-partnership, James C. Stenson Interests, a citizen of Texas, diversity of citizenship is lacking. This Court denies the motion on each of these grounds.

### I. The Statutory Language

An action brought in state court over which federal district courts also have original jurisdiction may be removed under 28 U.S.C. § 1441(a).[1] This statute reflects a

---

**1.** That statute provides in pertinent part that: (a) Except as otherwise ·expressly proved by

longstanding Congressional policy of providing defendants as well as plaintiffs access to a federal forum in cases of concurrent state and federal jurisdiction. Congress created the statutory right of removal to federal court in the Judiciary Act of 1789, and this right has been restricted to defendants and based on original jurisdiction in the federal courts since the Judiciary Act of 1887, which set the framework for modern removal statutes. *Haun v. Retail Credit Co.*, 420 F.Supp. 859, 861 (W.D. Pa.1976), *citing* 1A Moore's *Federal Practice* § 0.156 (1974).

Procedure for removal is spelled out in 28 U.S.C. § 1446(a) and (b).[2] A defendant who files a verified petition to remove within thirty days of receiving plaintiff's original complaint[3] has properly affected removal, the propriety of which may be tested by motion to remand in the federal court. *See* C.A. Wright, *Law of Federal Courts*, § 40 (3d ed. 1976).

### II. Waiver

The first issue presented in the case at bar is whether defendant waived his right to remove by filing an answer in state court, notwithstanding compliance with removal procedures set out above.

The record reflects that the defendant was served with the original complaint on February 14, 1984. He was required to answer in state court 20 days from that date. Tex.R.Civ.P. 101. His answer was filed on February 29, 1984, which was fifteen days after he was served, and was therefore timely. Additionally, he filed a petition for removal in this Court on March 13, 1984, which was within the 30-day time period required by 28 U.S.C. § 1446(b).

■ Plaintiff claims that the defendant waived his right to remove by answering in state court prior to seeking to remove the suit to this Court. The Court rejects this allegation. A defendant may lose or waive the right to remove by taking some substantial defensive action in the state court before petitioning for removal. 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3721. And it is true that if a party has good ground to remove a case to federal court, he cannot experiment on his case in state court before removing the case to federal court. *Carpenter v. Illinois Cent. Gulf R. Co.*, 524 F.Supp. 249, 251 (M.D.La.1981), *citing Rosenthal v. Coates*, 148 U.S. 142, 13 S.Ct. 576, 37 L.Ed. 399 (1893). Such is not the case here, however. Filing of an answer asserting a general denial cannot be deemed experimentation in state court. It has been recognized on numerous occasions that actions which are preliminary and nonconclusive in character and which do not actually submit the merits of a claim for a binding decision do not waive defendant's right to remove. *Beasley v. Union Pacific Railroad Company*, 497 F.Supp. 213, 216 (D.Neb.1980). In *Beasley*, the defendant sought to dissolve a temporary restraining order which had been issued *ex parte*. The Court found these actions to be preliminary in nature. "The right of remov-

Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2. (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal; together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

3. Defendant must also file the appropriate bond, give written notice of removal to plaintiff, and file a copy of the petition with the state court. 28 U.S.C. § 1446.

**898**

al is not lost by action in state court short of proceeding to an adjudication on the merits." *Id.* at 217. An intent to waive the right to remove to federal court and submit to the jurisdiction of the state court must be clear and unequivocal, and the waiving party's actions must be inconsistent with his right to remove. *Carpenter,* 524 F.Supp. at 251; *Markantonatos v. Maryland Drydock Co.,* 110 F.Supp. 862 (S.D.N.Y.1953); *Hildreth v. General Instrument, Inc.,* 258 F.Supp. 29 (D.S.C. 1966). Therefore, the Court finds that the defendants', answer in state court does not amount to a waiver of the right to remove to federal court and that all removal requirements have been met.

### III. Diversity

The plaintiff additionally contends that diversity jurisdiction is lacking. One defendant, James C. Stenson Interests, is a limited partnership organized under the laws of the state of Texas; the other defendant, James C. Stenson, is the partnership's general partner and it is undisputed that he is domiciled in Georgia. Plaintiff argues that because the limited partnership was formed in Houston, Texas, and had its principal and sole place of business in Houston, Texas, that it is a citizen of the State of Texas, thereby destroying diversity jurisdiction in this Court. The Court also rejects this argument.

Resolution of the specific question presented, *i.e.,* whether a partnership has a legal existence as an entity separate from its members, rests upon two well-established tenets regarding diversity jurisdiction.

■ The first of these is the rule delineated in *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch.) 267, 2 L.Ed. 435 (1806). For almost two centuries *Strawbridge* has stood for the proposition that, for diversity jurisdiction to attach, all parties on one side of a litigation must be of a different citizenship from all of those on the other. In other words, complete diversity is required between all parties opposed in interest if jurisdiction is to obtain. *Carlsberg Resources*

*Corp. v. Cambria Savings and Loan Ass'n,* 554 F.2d 1254, 1257–58 (3d Cir.1977).

■ The second principle which hears on the Court's inquiry concerns the traditional treatment of partnership and unincorporated associations for diversity purposes. In an extruded line of cases the Supreme Court has held that where noncorporate entities including partnerships, are concerned, the courts should look to the citizenship of the persons comprising such organizations in order to determine whether there is compliance with the diversity standard. *Id.* at 1258; *United Steelworkers of America v. R.H. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Thomas v. Board of Trustees,* 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160 (1904); *Great Southern Fireproof Hotel Co. v. Jones,* 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889). An unincorporated association is not a jural person for purposes of diversity jurisdiction, even when it has the capacity to sue or be sued in the association name. *Calagaz v. Calhoon,* 309 F.2d 248, 251–52 (5th Cir.1962). *Great Southern Fireproof* is pertinent here. In that case, a limited partnership maintained that for jurisdictional purposes, it should be treated as a citizen of the state whose laws authorized its criteria. The Supreme Court rejected this contention and held that the citizenship of the persons composing such association was the citizenship of the partnership. *Id.,* 177 U.S. at 456, 20 S.Ct. at 693. The Court also rejected the argument that a state-created right enabling a partnership to sue and be sued in the name of the partnership makes that entity, for diversity purpose, a citizen of the State creating it. *Id.* at 457, 20 S.Ct. at 693.

■ *Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889) was the first case in which the Supreme Court dealt expressly with the jurisdictional question and raised the matter *sua sponte* in that case. The *Chapman* Court held that the

plaintiff could not sue in federal court as a citizen of New York unless it was a corporation; however, by its own allegations, the plaintiff was a joint stock company, a "mere partnership." *Id.* at 682, 9 S.Ct. at 427. Therefore, "although it may be authorized by the laws of New York to bring suit, that fact cannot give the company power to sue in federal court [since] all the members of it may not be citizens of that state." *Id.* In other words, the citizenship of association members is determinative as to whether diversity jurisdiction obtains.

The Supreme Court has continued to adhere to the treatment of noncorporate enterprises that *Great Southern Fireproof* and *Chapman* mandate. In *United Steelworkers of America v. R.H. Bouligny, Inc.,*[4] the Court reaffirmed the proposition that the citizenship of an unincorporated association, for jurisdictional purposes, is deemed to be that of each of its members. Similarly, in *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), the Court held that the individual trustees of a business trust may invoke federal diversity jurisdiction on the basis of their own citizenship rather than the citizenship of the beneficial stockholders. And the Fifth Circuit held in *Village Fair Shopping Center Company v. Broadhead,* 588 F.2d 431 (5th Cir.1979), that for purposes of federal diversity jurisdiction, the citizenship of a partnership depends on the citizenship of each of its partners.

The Court recognizes that the Supreme Court and Fifth Circuit cases discussed above do not squarely address the issue presented here; that is, how are limited partnerships to be treated for diversity purposes?

In a recent Seventh Circuit case, *Elston Investment, Ltd. v. David Altman Leasing Corp.,* 731 F.2d 436 (7th Cir.1984), the defendant urged the Court to adopt an exception to what it called "long-established rule for limited partnership," under which the citizenship of limited partnerships would be based only on the citizenship of the general partners. *Id.* at 438.

The argument for the exception was based on an analogy between a limited partnership and an express business trust. *See Navarro Savings Ass'n,* discussed above. The Seventh Circuit rejected the argument that limited partners are not real parties to controversies, and held that all association members' citizenship is relevant to a determination of diversity. *Id.* at 439. Similarly, the Third Circuit held in *Carlsberg Resources* that all members of limited partnership, general partners and limited partners both, are to be considered when determining the partnership's citizenship for diversity purposes. The Third Circuit viewed its opinion in *Carlsberg* as an extension of the Supreme Court's decision in *Bouliguy.* 554 F.2d at 1259.

■ This Court finds the above views to be consonant with Supreme Court precedent. Applying these precedents to the case at bar depends, however, on the argument asserted by plaintiff, which is unclear from the pleadings. Plaintiff is apparently asserting one of two possible positions: 1) that diversity is destroyed because the partnership was organized under the laws of the State of Texas and is therefore a Texas citizen, or 2) that diversity is destroyed because the Courts, in applying Supreme Court precedent, look to the membership of unincorporated associations to determine if diversity jurisdiction obtains, hence, since plaintiff is a Texas citizen and the sole limited partner, diversity is destroyed. The Court finds that both of these arguments must fail.

The first contention fails in light of Supreme Court decisions discussed above; that is, generally, unincorporated associations are not jural persons for purposes of diversity jurisdiction, even when they have the capacity to sue or be sued in the association name. The courts look to the citizenship of the persons comprising such organizations. Therefore, it is clear in this case that plaintiff cannot sue the entity, James C. Stenson Interests, and thereby destroy diversity. The Court will here look to the

**4.** 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965).

citizenship of the persons composing James C. Stenson Interests to determine if diversity obtains.

This leads to the second contention which likewise must fail; plaintiff cannot assert her own Texas citizenship as the sole limited partner, thereby aligning herself as a defendant and destroying diversity. In this light, her claim becomes one against the sole general partner, whose domicile is Georgia. The Court finds, therefore, that diversity is present in this case.

In so holding, it should be made clear that the limited partnership in the case at bar is composed of only two persons, the defendant-general partner, and the plaintiff-limited partner. The Court adheres otherwise to the views expressed by the Seventh and Third Circuits which have been discussed above.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Remand be and hereby is DENIED.