**Mac McADOO, Plaintiff,**

v.

**Ronnie L. WAGONER, et al., Defendants.**

No. 87 C 7837.

United States District Court, N.D. Illinois, E.D.

Sept. 14, 1987.

———

Charmaine Dwyer, Howard Pomper & Associates, Chicago, Ill., for plaintiff.

**MEMORANDUM OPINION AND ORDER**

SHADUR, District Judge.

Mac McAdoo ("McAdoo") has just filed a purported diversity-of-citizenship action arising out of a collision between an automobile driven by McAdoo and a truck driven by Ronnie Lee Wagoner ("Wagoner"). McAdoo joins as defendants not only Wagoner but the owners of the truck: Scheduled Truckways, Inc. ("Corporation"), Scheduled Truckways ("Partnership") and the "unknown owners of Scheduled Truckways." Because McAdoo's Complaint does not establish the complete diversity of citizenship necessary for federal jurisdiction, this Court dismisses the Complaint sua sponte.

McAdoo's counsel has introduced a host of jurisdictional flaws into the Complaint, some readily curable but others not:

1. Complaint ¶ 2 speaks of Wagoner's Missouri residence and *not* his state of citizenship.

2. Complaint ¶ 5 similarly identifies McAdoo's Illinois residence and *not* his citizenship.

3. Complaint ¶ 3 specifies Corporation's state of incorporation as Arkansas but is silent as to the other component of corporate dual citizenship under 28 U.S.C. § 1332(c)[1]: its principal place of business.[2]

4. As to Partnership and its "unknown owners," nothing at all is said about citizenship—Complaint ¶ 4 simply refers to their "hav[ing] their principal offices and transact[ing] business in the State of Illinois."

For the reasons briefly stated hereafter, those flaws are fatal both singly and—a fortiori—collectively.

Federal courts can deal with cases only as Congress specifies (see Section 1332(a) and (c)) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208,

———

**1.** Further citations to Title 28 provisions will take the form "Section—."

**2.** It is not enough for Complaint ¶ 3 simply to say Corporation has "offices located in the State of Illinois."

at 85 & n. 96, 87 & n. 99, and cases cited in both notes (1969 ed. and 1987 supp.); 13B *id.* § 3611, at 516–18 & nn. 27–29, § 3624, at 610 & n. 20, and cases cited in all those notes (1984 ed. and 1987 pocket part). Thus the pleading defects as to McAdoo, Wagoner and Corporation deprive this Court of independent subject matter jurisdiction over this action.

Moreover, the special problems posed by Partnership and its unknown owners compound the jurisdictional errors. As to Partnership, the citizenship of all its partners is relevant for diversity purposes—if even one shares citizenship with McAdoo, this Court cannot take the case. *Elston Investment, Ltd. v. David Altman Leasing Corp.,* 731 F.2d 436, 439 (7th Cir.1984). And the "unknown owners" are real people whose identity is simply not yet known to McAdoo—not hypothetical people who may or may not exist—and that independently defeats diversity. See *Fifty Associates v. Prudential Insurance Co. of America,* 446 F.2d 1187, 1191 (9th Cir.1970); *John Hancock Mutual Life Insurance Co. v. Central National Bank in Chicago,* 555 F.Supp. 1026 (N.D.Ill.1983).

Accordingly the Complaint must be and is dismissed for lack of subject matter jurisdiction. Ordinarily this Court couples such an order with leave to a plaintiff to file a proper amended Complaint to cure the jurisdictional defects (see Section 1653), but in this instance the nature of the allegations does not justify that. By definition this dismissal is without prejudice to McAdoo's possible filing of this action in a state court of competent jurisdiction.[3]

---

**3.** This Court has of course noted that McAdoo apparently filed suit on the very last day under Illinois' two-year statute of limitations for personal injuries (Ill.Rev.Stat. ch. 110, ¶ 13–202, though the property-damage component of his claim has a five-year limitations period under *id.* ¶ 13–205). But McAdoo is not prejudiced by this dismissal for lack of federal court subject matter jurisdiction, given the one-year extension granted by *id.* ¶ 13–217.