Eric ROTHNER, d/b/a Bell Vending and d/b/a Chicago Game Co., Plaintiff,

v.

CITY OF CHICAGO, et al., Defendants.

No. 88 C 3403.

United States District Court, N.D. Illinois, E.D.

Aug. 22, 1988.

Glenn Seiden, Glenn Seiden & Associates, Chicago, Ill., for plaintiff.

Judson Miner, Corp. Counsel, City of Chicago by William Mackin, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

The plaintiff, Eric Rothner (Rothner), initiated a civil action in state court seeking to have the "Substitute Ordinance" amending Chapter 104.2 of the Municipal Code of the City of Chicago at Section 104.2–10 declared unconstitutional. Defendants City of Chicago, Mayor Eugene Sawyer, Superintendent of Police Leroy Martin, and their officers and agents (collectively the "City"), after receiving proper notice of this action, appeared in state court and vigorously opposed Rothner's motion for a temporary restraining order. After receiving argument from both sides, Judge Albert Green of the state court's Chancery Division declared the "Substitute Ordinance" facially defective and unenforceable. The judge issued a temporary restraining order ("TRO") restricting the City from enforcing the ordinance and scheduled a hearing on Rothner's motion for a preliminary injunction shortly after the TRO was set to expire. Thereafter, the City, instead of following the state court's order, filed a petition to remove this action to federal court pursuant to 28 U.S.C. § 1441.

Although Rothner acknowledges that federal question jurisdiction exists in the present case, Rothner urges this court to dismiss the City's petition for removal and remand the cause to state court. Rothner essentially argues that the City's acts of appearing in state court and defending his motion for a TRO constituted a clear waiver of the right to remove. This court agrees.

Section 1441 provides a defendant with the right to remove any civil action brought in a state court over which a district court of the United States has original jurisdiction. Although a petition meeting the statutory requirements may be timely filed, a district court may remand the action to the state court if, prior to seeking removal, the defendant demonstrates a clear intent to waive such right. *Gore v. Stenson*, 616 F.Supp. 895, 898 (D.C.Tex. 1984). This exception, however, is strictly construed. Actions such as appearing in state court, filing an answer, and defending a motion for a TRO have generally been found insufficient to demonstrate a clear intent to waive the right to remove. *Kiddie Rides U.S.A., Inc. v. Elektro–Mobiltechnik GMBH*, 579 F.Supp. 1476 (C.D. Ill.1984) (answer); *Carpenter v. Illinois Cent. Gulf R.R.*, 524 F.Supp. 249, 251 (M.D.La.1981) (appearance); *Beasley v. Union Pac. R.R.*, 497 F.Supp. 213, 216 (D.C.Neb.1980) (TRO).

Although cognizant of the aforementioned authority, this court is compelled to find the City's actions in the present case constituted a clear waiver of its right to remove. At all times prior to offering opposition to Rothner's motion, the City retained the right to remove the instant action to federal court. Such a pre-hearing filing would have deprived the state court of jurisdiction and placed Rothner's motion for preliminary relief before a judge of this district for resolution. Rather than following such a course, the City elected to defend Rothner's motion. It was only after receiving adverse ruling and determining that Judge Green's opinion left little hope of ultimate success that the City filed its removal petition. The City asserts that its policy is to litigate all constitutional cases in federal court. One wonders, however, whether the City would be before this court had it succeeded in defeating Rothner's motion before Judge Green.

The thought that Congress could have intended litigants to use § 1441 to "test the waters" in state court before deciding whether to exercise their right to remove is simply absurd. Under such a system, a defendant, after electing to defend a removable matter in state court, is able to dissolve any adverse orders of preliminary relief by simply filing a petition to remove. Thereafter, to preserve the relief accorded by state court, a plaintiff is required to persuade a second judicial officer of his position. Thus, this practice allows a de-

918

fendant to shop from forum to forum until receiving a favorable result.

Although other courts have found that opposing a motion for preliminary relief does not effectuate waiver of the right to remove, the facts in the instant action dictate a different result. Here, the City's established policy is to "litigate all constitutional matters in federal court." Pursuant to this policy, the City immediately removes cases involving constitutional issues to ensure all matters are litigated before federal rather than state judges. The City's actions in the present case reveal a marked departure from this practice. Instead of removing the instant action, the City elected to appear in state court and oppose the motion for preliminary relief. Viewed in light of its established policy, the City's willingness to litigate the challenged ordinance's constitutionality before Judge Green clearly demonstrates an intent to waive the right to remove. The City's recently filed petition to remove this case is nothing more than a poorly disguised attempt to undermine the power of the state court to enforce its order of preliminary relief. This attempted abuse of § 1441 will not be tolerated by this court. Thus, Rothner's motion for an order remanding the cause to state court is granted.

IT IS SO ORDERED.