**BOULDER CREEK CO., Plaintiff,**

v.

**MARUKO INC., et al., Defendants.**

**No. SA CV 91–268 AHS (RWRx).**

United States District Court,
C.D. California.

Sept. 19, 1991.

Jerold H. Goldberg, McDonald, Hecht & Solberg, San Diego, Cal., for plaintiff.

---

Robert E. Mangels, Adam M. Raichel, Jeffer, Mangels, Butler & Marmaro, Los Angeles, Cal., for defendants.

## OPINION ON ORDER REMANDING ACTION TO STATE COURT

STOTLER, District Judge.

### PROCEDURAL BACKGROUND

On April 30, 1991, plaintiff Boulder Creek Corporation (BCC) filed a complaint against defendant Maruko, Inc. (Maruko) and Does 1–100. BCC filed a First Amended Complaint on or about May 13, 1991 which named Monarch Beach Inn Partners, L.P. as an additional defendant. Maruko filed a Notice of Removal on May 16, 1991.

On June 19, 1991, Maruko filed a Motion to Expunge Lis Pendens. Plaintiff filed opposition on July 1, 1991. On July 8, 1991, Maruko filed its reply. At the oral hearing on July 15, 1991, the merits of the motion were not addressed because it appeared that the action should be remanded due to a lack of diversity of citizenship. The Court granted Maruko's request to supply further briefing on this issue.

On July 19, 1991, Maruko filed its Memorandum of Points and Authorities in Reply to Court's Tentative Ruling to Remand. On July 24, 1991, plaintiff filed its Memorandum of Points and Authorities in Opposition to Maruko's Reply to Court's Tentative Ruling to Remand. Plaintiff also filed a Request for Judicial Notice. The request is denied since the exhibits add nothing to the jurisdictional issue and defendant has had no opportunity to address those matters. On July 29, 1991, the Court issued its Order Remanding Action to State Court in order to expedite resolution of the litigation. This opinion more fully explains the reasons for the remand order.

### STATEMENT OF FACTS

BCC was incorporated in the State of Colorado with its principal place of business in California. Maruko was incorporated in Japan with its principal place of business in Tokyo, Japan.

BCC and Maruko entered into a limited partnership agreement on January 26, 1990 and created defendant Monarch Beach Inn Partners, L.P. (Limited Partnership). BCC served as general partner, Maruko was a limited partner. The stated purpose of the Limited Partnership was the acquisition of certain real property in the Monarch Beach area of Orange County, California, and the development, construction, sale and leasing of that property as congregate care facilities including 207 congregate care condominiums, a 99–bed skilled nursing facility, a 60–unit assisted living facility and related common facilities. The property was owned by a corporation affiliated with BCC.

Section 6.2(b) of the limited partnership agreement provides that BCC shall use its best efforts to carry out its development duties and that each partner shall use their best efforts to obtain a construction loan, the proceeds of which were to be used to develop the property.

If the Limited Partnership was unable to close the construction loan within one year from the date of commencement of the Limited Partnership (January 26, 1990), Maruko was entitled to require BCC to buy Maruko's Partnership interest for a price equal to Maruko's capital contribution plus any accrued return. If BCC failed to purchase Maruko's Partnership interest within ninety (90) days after BCC's receipt of written notice from Maruko to do so, Maruko was entitled to exercise its right to become the general partner and cause the Partnership to convey the property to Maruko free of any right, title, or interest of BCC.

BCC alleges that it entered the Limited Partnership because Maruko represented that it had inexpensive sources of financing which could be used for the project. BCC also alleges that it exercised its "best efforts" in obtaining a construction loan from lenders, including Citibank and Bank of America. BCC contends that in March 1990, Maruko instructed BCC to delay discussions with these and other lenders because Maruko's principal lender, Mitsubishi Trust and Banking Corporation (MTB) would provide the construction loan. BCC

then ceased its active efforts to obtain a loan.

BCC alleges that it sent its representatives to Japan in October 1990 to meet with executives from Maruko and MTB in order to facilitate closing the construction loan. BCC further alleges that Maruko's representatives failed to appear for that meeting on October 24, 1990, and the meeting with MTB did not occur. On October 31, 1990, BCC was advised that MTB had disapproved the proposed Construction Loan.

On January 28, 1991, Maruko advised BCC that because the Construction Loan had not closed within one year, Maruko was demanding that BCC purchase Maruko's interest in the Limited Partnership for $8.75 million plus a "Preferred Return" as defined in the Partnership Agreement. BCC objected and asserted that Maruko's actions suggested intentional conduct designed to trigger the very buy-out provision that Maruko now sought to exercise. Since BCC did not purchase Maruko's interest within 90 days, Maruko acted to remove BCC as general partner on April 29, 1991 and purportedly caused the Limited Partnership to convey the property to Maruko.

BCC alleges that Maruko's unilateral action in removing BCC as general partner and causing the property to be conveyed to Maruko violates the Limited Partnership Agreement. Section 6.2(b) of the Agreement states that "no act may be taken ... by the Partnership with respect to a Major Matter unless and until the same has been approved in writing by both the General Partner and the Limited Partner." Among those items included within the definition of "Major Matters" are the sale, transfer, or other disposition of all or substantially all of the Property. *See* First Amended Complaint, Exhibit B, Partnership Agreement, Table of Definitions.

## DISCUSSION

Federal diversity jurisdiction requires that all parties to the action be citizens of different states or citizens or subjects of a foreign state. *See* 28 U.S.C. § 1332(a). For diversity purposes, a corporation is considered a citizen of both (a) any state in which it has been incorporated, and (b) the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

In this action, plaintiff BCC was incorporated in Colorado and has its principal place of business in California. Defendant Maruko, Inc. is a Japanese corporation with its principal place of business in Tokyo, Japan.

██ As to defendant Monarch Beach Inn Partners, L.P., the citizenship of a limited partnership is determined by the citizenship of all its members. *See C.T. Carden v. Arkoma Associates,* 494 U.S. 185, ——, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157, 168 (1990). BCC and Maruko are the members of the Limited Partnership. Thus, Monarch Beach Inn Partners, L.P. is considered a citizen of Colorado, California, and Japan.

██ At the oral hearing on July 15, 1991, the Court issued a written tentative ruling to counsel which stated that there was no apparent diversity of citizenship because plaintiff, a citizen of Colorado and California, is suing a limited partnership which has a member who is also a citizen of Colorado and California. *See Carden,* 494 U.S. at ——, 110 S.Ct. at 1021, 108 L.Ed.2d at 168. In granting Maruko's request to supply further briefing on this issue, the Court expressly directed Maruko limit its reply to cases decided after *Carden.* Although Maruko failed to cite any cases decided after *Carden* which supported its position, it did offer several arguments which deserve brief discussion.

██ Maruko asserts that the Limited Partnership was dissolved prior to the filing of plaintiff's complaint and that plaintiff added the Limited Partnership as a defendant solely to defeat diversity jurisdiction. However, plaintiff claims that the issue of whether the Limited Partnership was properly dissolved remains a central issue to this case and cannot be decided solely upon Maruko's assertion that it was in fact dissolved. Furthermore, even if the partnership is assumed to be dissolved, it still may be sued. A partnership is not terminated on dissolution, but continues until the winding up of partnership affairs is completed. *See* CA Corporations Code

§ 15030. There is no suggestion that the winding up of the Limited Partnership's affairs has been completed; indeed, it would seem impossible to do until the resolution of this litigation.

Maruko argues that the Limited Partnership was not properly served with the Complaint and is not a party to this action. As a result, Maruko concludes that its presence as a named defendant cannot defeat federal court diversity jurisdiction. However, the Supreme Court has expressly rejected Maruko's position. In *Pullman Co. v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939), the Court held that a nonresident defendant cannot remove an action if the citizenship of a codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice on the codefendant; *see also Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174, 1176 (9th Cir.1969) (the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service).

Maruko further argues that plaintiff cannot align itself with defendants solely to defeat diversity. Maruko relies on two cases to support its position. In *Gore v. Stevens,* 616 F.Supp. 895 (D.C.Tex.1984), the sole limited partner, a Texas citizen, brought a state court action against the general partner, a Georgia citizen and the limited partnership. Defendant sought to remove to federal court. The court held that diversity jurisdiction existed because plaintiff could not assert her own Texas citizenship as the sole limited partner in order to destroy diversity. *Id.* at 900. In *Weltman v. Silna,* 879 F.2d 425 (8th Cir. 1989), plaintiff brought suit alleging that his status as a limited partner entitled him to certain payments of money. Plaintiff was from Ohio. The individual defendants were from New Jersey and Nevada. Plaintiff also sued the limited partnership. The court declined to consider plaintiff's status as a limited partner in determining the citizenship of the limited partnership and held that diversity jurisdiction existed. *Id.* at 427.

Maruko's reliance on *Gore* and *Weltman* is misplaced because both cases were decided *before Carden.* The Supreme Court in *Carden* held that the citizenship of *all* partners, both general and limited, in a limited partnership must be considered for diversity purposes. *See Carden,* 494 U.S. at ——, 110 S.Ct. at 1021, 108 L.Ed.2d at 168. In both *Gore* and *Weltman,* the courts ignored the citizenship of a limited partner in determining diversity jurisdiction.

Maruko asserts that *Carden* should not apply because the Court did not address the issue of whether or not a partner, who is suing the same partnership of which it is a member, will be counted twice for diversity purposes. While it is true that *Carden* did not specifically address this sub-issue, *Carden* plainly stated the rule that all partners of a limited partnership must be considered for diversity purposes. The Eighth Circuit in *Buckley v. Control Data Corp.,* 923 F.2d 96 (8th Cir.1991), has concluded that *Carden* changed limited partnership diversity law. In *Buckley,* the court invoked *Carden* to hold that diversity of citizenship did not exist where members of a limited partnership sued the limited partnership. Prior to *Carden,* the Eighth Circuit declined to consider plaintiff's citizenship as a limited partner in determining the citizenship of the defendant limited partnership. *See Weltman, supra.* Accordingly, Maruko's reliance on *Gore* and *Weltman,* cases decided prior to *Carden,* is misplaced.

## CONCLUSION

The Court concludes that *C.T. Carden v. Arkoma Associates* and *Buckley v. Control Data Corp.* compel a finding that no diversity jurisdiction is present in this action because plaintiff and defendant Limited Partnership share California and Colorado citizenship.

IT IS SO ORDERED.