Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 The eleventh section of the Judiciary Act of 1789 vests in the Circuit Courts original jurisdiction of suits of a civil nature, at law and in equity, when the matter involved exceeds, exclusive of costs, the sum or value of five hundred dollars, in three classes of eases: 1st, when the United States are plaintiffs or petitioners; 2d, when an alien is a party; and, 8d, when the suit is between a citizen of the State where the suit is brought and a citizen of another State.
 

 In the last two classes the designation of the party, plaintiff or defendant, is in the singular number, but the designation is intended to embrace all the persons who are on one side, however numerous, so that each distinct interest must be represented by persons, all of whom are entitled to sue, or are liable to be sued, in the Federal courts.
 
 ‡
 
 In other words, if there are several co-plaintiffs, the intention of the act is that eaeh plaintiff' must be competent to sue,
 
 *175
 
 and, if there are several co-defendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained. Executors and trustees suing for others’ benefit form no exception to this rule. If they are personally qualified by their citizenship to bring suit in the Federal courts, the jurisdiction is not defeated by the fact that the parties whom they represent maybe disqualified. This has been repeatedly adjudged. It was so adjudged as early as 1808, in
 
 Chappedelaine
 
 v. Dechenaux,
 
 *
 
 where the complainants, though citizens of France, brought suit, one as residuary legatee and the other as administrator
 
 de bonis non
 
 of a testator, who had been a citizen of Georgia, against the defendant, who was a citizen of that State. Counsel, on opening the question of jurisdiction, was stopped by the court, Mr. Chief Justice Marshall observing that the impression of the court was that the case was clearly within the jurisdiction of the courts of the United States; that the plaintiffs were aliens; and, although they sued as trustees, they were entitled to sue in the Circuit Court. This ruling was followed in
 
 Childress
 
 v.
 
 Emory;
 

 †
 

 and in
 
 Osborn
 
 v.
 
 The Bank of the United States,
 
 the Chief Justice laid it down as a universal rule that, in controversies between citizens of different States, the jurisdiction of the Federal courts depended not upon the relative situation of the parties concerned in interest, but upon the relative situation of the parties named in the record.
 

 These authorities are conclusive of the present case. The defendant is a corporation created under the laws of Pennsylvania. One of the plaintiffs, Blatchford, describes himself in the bill as a citizen of the State of New York, and the plaintiff’Newman describes himself as a citizen of Pennsylvania, and they both describe themselves as trustees, who sue solely for the use of Henry Beckett, an alien and a subject of the Queen of Great Britain, and of Joseph Loyd, a citizen of New Jersey. The demurrer of the defendant raises the objection that the plaintiff, Newman, is a citizen of the
 
 *176
 
 same State with the defendant, and that the court has in consequence no jurisdiction of the case. If there were no other parties, the suit clearly would not lie, for the eleventh section of the Judiciary Act only authorizes a suit between citizens of different States, not between citizens of the same State. And the objection, according to the construction we give to that section and to the authorities cited, is equally available when a disqualified party is joined with others who are qualified.
 

 The eases of
 
 Browne
 
 v.
 
 Strode,
 

 *
 

 and
 
 McNutt
 
 v. Bland,
 
 †
 
 upon which the plaintiffs rely, do not aid them. In the first case the action was on a bond given by an executor for the faithful execution of his testator’s will, in conformity with the statute of Virginia, which required all such bonds to be made payable to the justices of the peace of the county where administration was granted, but allowed suits to be brought upon them at the instance of any party aggrieved. The object of the action was to recover of the defendant, a citizen of Virginia, a debt due by the testator to a British subject, and was brought in the name of the justices of the peace of the county, who were also citizens of that State. It was held that the Circuit Court had jurisdiction.
 

 In
 
 McNutt
 
 v.
 
 Bland
 
 the action was on a bond given by a sheriff of a county in Mississippi. By the law of that State sheriffs were required to execute bonds to the governor of the State and his successors, conditioned for the faithful performance of the duties of their office, which bond could be prosecuted at any time by any party injured until the whole amount of the penalty was recovered. The action in the case cited was brought in the name of the governor for the use of citizens of New York, against the defendants, who were citizens of Mississippi. Upon demurrer it was held by this court that the Circuit Court had jurisdiction.
 

 “ In this ease,” said the court, “ there is a controversy and suit between citizens of New York and Mississippi; there is neither between the governor and the defendants. As
 
 *177
 
 the instrument of the State law to afford a remedy against the sheriff" and his sureties, his name is on the bond and to the suit upon it, but in no just view of the Constitution or law can he be considered as a litigant party; both look to things, not names; to the actors in controversies and suits, not to the mere forms or inactive instruments used in conducting them in virtue of some positive law.” The court then cites the case of
 
 Browne
 
 v.
 
 Strode,
 
 and states the principle, on which it was decided, to be, “that where the real and only controversy is between citizens of different States, or an alien or a citizen, and the plaintiff" is by some positive law- compelled to use the name of a public officer who has not, or ever had any interest in or control over it, the courts of the United States will not consider any others as parties to the suit, than the persons between whom the litigation-before them exists.”
 

 There is no analogy between these cases and the case at bar. The nomiual plaintiffs in those cases were not trustees, and held nothing for the use or benefit of the real parties in interest. They could not, as is said in
 
 McNutt
 
 v.
 
 Bland,
 
 prevent the institution or prosecution of the actions or exercise any eonti'ol over them. The justices of the peace in the one case, and the governor in the other, were-the mere conduits through whom the law afforded a remedy to the parties aggrieved:
 

 In the case at bar the plaintiffs are the real prosecutors of the suit. They are parties to the mortgage contract negotiating its terms and stipulations, and to them the usual rights and powers of mortgagees are reserved, and to them the usual obligations of mortgagors are made. The right to-use different remedies is expressly provided upon default in the payments stipulated, and the adoption of either rests at the option of the plaintiffs. ' So long as they do not refuse to discharge the trusts reposed in them, other parties are not authorized to institute or prosecute any proceedings for the enforcement of the mortgage, or to exercise any control over them.
 

 The case is n’ot one where a pica in abatement was re
 
 *178
 
 quired to raise the question of citizenship. Here the citizenship of the parties is averred in the bill of complaint, and the consequent defect in the jurisdiction of the court is apparent, and a defect of this character thus disclosed may be reached on demurrer or taken advantage of without demurrer, on motion, at any stage of the proceedings. A plea in abatement is required only where the citizenship averred is such as to support the jurisdiction of the court and the defendant desires to controvert the averment. The question of citizenship constitutes no part of the issue upon the merits.
 

 It follows, from the views expressed, that the decree of the court below must be reversed, and that the cause must be remanded with directions to the court to dismiss the bill
 

 For want of jurisdiction.
 

 ‡
 

 Strawbridge
 
 v.
 
 Curtiss, 3 Cranch, 267.
 

 *
 

 4 Cranch, 307.
 

 †
 

 8 Wheaton, 669.
 

 *
 

 5 Cranch, 303.
 

 †
 

 2 Howard, 10.