## CASTLEWOOD DEVELOPMENT COMPANY, et al., Plaintiffs,

v.

## REAL ESTATE ASSOCIATES LIMITED II, Defendant.

Civ. No. 86–137–D–2.

United States District Court,
S.D. Iowa,
Davenport Division.

Feb. 19, 1987.

Michael Noyes, Patrick J. Flynn, Davenport, Iowa, for plaintiffs.

Realff H. Ottesen, Davenport, Iowa, Alan S. Rutkoff, McDermott, Will & Emery, Chicago, Ill., for defendant.

## RULING AND ORDER OF DISMISSAL

VIETOR, Chief Judge.

Defendant moves to dismiss, asserting this court is without subject matter jurisdiction because there is not diversity of citizenship between the parties. Plaintiffs have resisted and the matter is fully submitted.

Defendant is a California limited partnership. Three of its limited partners are citizens of Illinois. Plaintiff Robert G. Douglas, Jr. is a citizen of Illinois. Plaintiff Castlewood Development Company is an Illinois limited partnership with its principal place of business in Waukegan, Illinois, and Mr. Douglas is its sole general partner. One of its two limited partners is also a citizen of Illinois. Plaintiff Castlewood Enterprises is an Illinois corporation with its principal place of business in Waukegan, Illinois.

■ Three circuits have decided that the citizenship of each limited partner is to be considered when determining diversity of citizenship. *New York State Teachers Retirement System v. Kalkus*, 764 F.2d 1015 (4th Cir.1985); *Elston Investment, Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436 (7th Cir.1984); *Carlsberg Resources Corp. v. Cambria Savings & Loan Association*, 554 F.2d 1254 (3d Cir.1977). Two circuits have determined that the citizenship of limited partners is irrelevant for diversity purposes. *Mesa Operating Limited Partnership v. Louisiana Intrastate Gas Corp.*, 797 F.2d 238 (5th Cir.1986); *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966). The United States Court of Appeals for the Eighth Circuit and the District of Columbia Court of Appeals have noted the issue, but they have not decided it. *See Missouri-Indiana Investment Group v. Shaw*, 699 F.2d 952, 957 n. 6 (8th Cir.1983); *Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356, 357 n. 1 (D.C. Cir.1983).

■ This court is of the opinion that the better reasoned rule is that citizenship of limited partners must be considered in determining diversity of citizenship. Accordingly, IT IS ORDERED that this case be dismissed for lack of subject matter jurisdiction because there is no diversity of citizenship.