## The KANSAS BAPTIST CONVENTION and Hugoton Energy Corporation, Plaintiffs,

v.

## MESA OPERATING LIMITED PARTNERSHIP, Defendant.

No. 88–1610–C.

United States District Court, D. Kansas.

Jan. 10, 1989.

Robert W. Coykendall of Morris, Laing, Evans Brock & Kennedy, Wichita, Kan., for plaintiffs.

Donald Bostwick of Adams, Jones, Robinson & Malone, Wichita, Kan., for defendant.

### MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on plaintiffs' motion to remand the case to the District Court of Grant County, Kansas, pursuant to 28 U.S.C. § 1447(c). Plaintiffs filed their suit in state court seeking to recover for certain rights and duties under an agreement which obligated defendant to develop and manage plaintiff's mineral interests.

Defendant, Mesa Operating Limited Partnership (Mesa), filed its petition for removal on October 19, 1988. As the basis for original jurisdiction in this court, defendant asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs, The Kansas Baptist Convention and Hugoton Energy Corporation, are both citizens of Kansas. As for itself, Mesa alleges it "is a limited partnership organized and existing under the laws of the state of Delaware, whose general partner is a citizen of the state of Texas, and whose principal place of business is in Amarillo, Texas." The issue before the court is whether, for purposes of determining diversity jurisdiction, the citizenship of a limited partnership is fixed by the citizenship of its general partners, limited partners, or both.

■ When a case is removed on the basis of diversity of citizenship, the burden falls on the removing party to establish its right to a federal forum. *Alfalfa Cubes, Inc. v. Dutton*, 618 F.Supp. 1425, 1427 (D.Kan.1985). Diversity jurisdiction exists only if all parties on one side of the litigation are of a different citizenship from all of those on the other side. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Plaintiffs contend the citizenship of all of Mesa's limited partners must be considered, and if the court reaches that conclusion then the case should be remanded for Mesa's failure to show that none of its limited partners are Kansas citizens.

Historically, courts have distinguished between corporations and unincorporated associations in applying different rules for determining citizenship. Corporations have long been treated as citizens of their state of corporation. *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 461 n. 7, 100 S.Ct. 1779, 1782 n. 7, 64 L.Ed.2d 425 (1980). Unincorporated associations, however, have been considered a citizen of the states of each of its members. *Navarro*, 446 U.S. at 461, 100 S.Ct. at 1782; *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.1988); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988). This rule has been applied to several types of unincorporated associations—labor union (*United Steelworkers v. Bouligny*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965)), limited partnership association (*Great Southern Fire Proof Hotel v. Jones*, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900)), and joint stock company (*Chapman v. Barney*, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889)). With this line of precedent, it seems a foregone conclusion that the citizenship of Mesa is determined from the citizenship of each of its members, limited and general.

A division in the circuits, nevertheless, exists as to the citizenship of limited partnerships. The Second and Fifth Circuits have disregarded the citizenship of individual limited partners. *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178 (2d Cir.1966), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966); and *Mesa Oper. Ltd. Part. v. Louisiana Intrastate Gas*, 797 F.2d 238 (5th Cir.1986). Four circuits have followed the traditional rule of considering the citizenship of limited partners. *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 77 (8th Cir.1988); *New York State Teachers Retirement System v. Kalkus*, 764 F.2d 1015 (4th Cir.1985); *Elston Inv., Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436 (7th Cir.1984); *Trent Rlty. Assoc. v. First Fed. Sv & Loan Ass'n*, 657 F.2d 29 (3rd Cir.1981). While not directly addressing the issue, the Tenth Circuit has affirmed a district court's dismissal of an action for lack of diversity jurisdiction when it was discovered that a limited partner of defendant company was a resident of the same state as plaintiff. *Manufacturers Cas. Ins. Co. v. Arapahoe Drilling Co.*, 267 F.2d 5 (10th Cir.1959). At most, this dated decision is some indication of the Tenth Circuit's inclination. Within this district one court has ruled that the citizenship of the limited partners is not determinative, choosing to follow the position espoused by the minority of circuits and by law review commentators. *Petroleum Data Serv. v. First City Bancorporation*, 622 F.Supp. 1022, 1026 (D.Kan.1985). Another court within this district followed the decision of *Missouri–Indiana Inv. Group v. Shaw*, 699 F.2d 952 (8th Cir.1983), which recognized that the court should look beyond the formal title of limited partner and consider, for jurisdictional purposes, all partners who are closely involved in the partnership's daily operation. *George Watson v. S.G.M. Ltd.*, No. 87–2090, —— F.Supp. —— (D.Kan. Feb. 12, 1988) (essentially the real party in interest test from *Navarro* ). The Eighth Circuit has since held that the *Shaw* decision was not the final word on this issue and that the better rule is to require complete diversity of all partners, limited and general. *Stouffer Corp.*, 859 F.2d at 76.

Without the assistance of controlling Tenth Circuit case law, this court has reviewed the relevant decisions of the Supreme Court and other circuits and concludes the better rule is that the citizenship of limited partners is to be considered. This court does not read *Navarro* as in any way abrogating the general citizenship rules governing the corporation/unincorporated association dichotomy. In *Navarro*, the court simply eschewed this traditional dichotomy because a business trust was at issue and a long line of precedent already governed the determination of citizenship for an express trust. In fact, the Court expressly avoided the temptation of characterizing the attributes of the business trust as either a corporation or unincorporated association for purposes of applying those citizenship roles. "The Court never has analogized express trusts to business entities for purposes of diversity jurisdiction."

*Navarro,* 446 U.S. at 463 n. 10, 100 S.Ct. at 1783 n. 10. The court finds no substantial basis for construing *Navarro* as requiring the "real party in interest" test be applied to limited partnerships. In his dissent in *Navarro,* Justice Blackmum wrote: "This case ... express[es] no view on the diversity of citizenship issue that is presented when one of the parties is a limited partnership." 446 U.S. at 475 n. 6, 100 S.Ct. at 1789 n. 6.

The *Navarro* decision does not prevent the earlier *Great Southern* case from being controlling precedent. The Fifth Circuit in *Mesa Operating* struggled only briefly with *Great Southern* settling for a factual distinction that has little impact upon the Supreme Court's rationale. In *Great Southern,* the Court blocked an attempt to characterize the limited partnership as a corporation:

> That a limited partnership association created under the Pennsylvania statute may be described as a "quasi corporation," having some of the characteristics of a corporation, or as a "new artificial person," is not a sufficient reason for regarding it as a corporation within the jurisdictional rule heretofore adverted to. That rule must not be extended. We are unwilling to extend it so as to embrace partnership associations.

177 U.S. at 457, 20 S.Ct. at 693.

What has been repeatedly stated by the Supreme Court, first as immediately quoted above, is that merely because a party resembles another business entity does not entitle it to a different set of citizenship rules. *See also Navarro,* 446 U.S. at 462, 100 S.Ct. at 1782; *Bouligny,* 382 U.S. at 150–153, 86 S.Ct. at 274–76. Yet, the Fifth Circuit in *Mesa Operating* did just that by characterizing the limited partnership as neither a corporation nor an association but a hybrid resembling the business trust in *Navarro.* 797 F.2d at 240, 242. By analogizing the limited partnership to the business trust, the Fifth Circuit did simply the converse of what the Supreme Court said in *Navarro* it had never done. 446 U.S. at 463 n. 10, 100 S.Ct. at 1783 n. 10.

Compelling policy reasons have been articulated in earlier decisions and in this case for not considering the citizenship of limited partners. The traditional rule has also been criticized as elevating form over substance when the unincorporated association is practically indistinguishable from a corporation. *Tuck,* 859 F.2d at 844–45. The responsibility to eliminate the anomaly of unincorporated associations falls not upon the courts, but upon the policymaking shoulders of Congress. *Bouligny,* 382 U.S. at 153, 86 S.Ct. at 276.

As a practical matter this rule provides a bright-line test which treats all limited partnerships the same for jurisdictional purposes. The real party in interest test adopted by the Second and Fifth Circuits only muddies the waters of diversity jurisdiction and leaves the critical issue to turn upon the individual facts of each case.

IT IS THEREFORE ORDERED that plaintiff's motion to remand the case to the District Court of Grant County, Kansas, is granted; and the Clerk of the Court is directed to proceed with remanding the case to the District Court of Grant County, Kansas.