John **FREDERICK**

v.

**SERVICEMASTER, LIMITED PARTNERSHIP and Servicemaster Management Corporation.**

**Civ. A. No. B–89–0808–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 7, 1990.

Mike Jacobellis, Tonahill, Hile, Leister & Jacobellis, Beaumont, Tex., for plaintiff.

W. Montgomery Briscoe, William J. Eggleston, Taylor, Eggleston & McDonald, Houston, Tex., Carlton D. Fisher, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendants.

## ORDER

COBB, District Judge.

Came on to be considered defendant's motion to dismiss for lack of diversity jurisdiction, and the court, having reviewed the motion and response, hereby denies the motion to dismiss for lack of diversity jurisdiction.

The defendants argue that for purposes of diversity, citizenship of a limited partnership must be determined by examining the citizenship of the individual limited partners. The defendants claim some unspecified number of limited partners reside in Texas, and therefore diversity is defeated. This court has only the signed pleading of defendants' counsel to attest that in fact certain limited partners do reside in Texas, and for the following reasons, this court would seriously hesitate before rely-

ing on such representation.[1]

Defendants' counsel have boldly stated, "The residence of a limited partnership is determined by examining the citizenship of its limited partners." *Original Answer and Motion to Dismiss of Defendants, The Servicemaster Company Limited Partnership and Servicemaster Management Corporation*, 2. In support of this legal conclusion, defendants cite five cases. The court will review each of these cases in turn.

Defendants first rely on *Carlsberg Resources Corp. v. Cambria Savings & Loan Ass'n.*, 554 F.2d 1254 (3rd Cir.1977). A cursory review of Shepard's Citations reveals that case was criticized by the Fifth Circuit in *Mesa Oper. Ltd. Part. v. Louisiana Intrastate Gas*, 797 F.2d 238, 241 (5th Cir.1986). Defendants next rely on *New York State Teachers' Retirement Systems v. Kalkus*, 764 F.2d 1015 (4th Cir.1985), and *Elston Investment, Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436 (7th Cir, 1984). Both these cases, Shepard's again reveals, were questioned by the Fifth Circuit in *Mesa Oper. Ltd. Part.*, 797 F.2d at 241. The Fifth Circuit, discussing all three cases cited by the defendants, concluded:

> We do not regard *Navarro* [446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ] as having endorsed application of the holdings in these early cases [requiring examination of citizenship of limited participants for diversity purposes] to the modern limited partnership as *Carlsberg* and the cases following *Carlsberg* have concluded.

*Mesa Oper. Ltd. Part.*, 797 F.2d at 241. The Fifth Circuit expressly rejected the reasoning of all three cases, and held that only citizenship of the general partners, as real parties to the controversy, is relevant for purposes of diversity jurisdiction. *Id.* at 243.[2]

Remarkably, the defendants next cite *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178 (2nd Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966). This is remarkable because *Colonial Realty* provides the backbone of the Fifth Circuit's analysis in *Mesa Oper. Ltd. Part., Colonial Realty* holds:

> A suit brought against a New York partnership must thus be considered to be against the general partners only and identity of citizenship between a limited partner and the plaintiff does not destroy diversity.

*Colonial Realty*, 358 F.2d at 184. It seems to this court an affirmative misrepresentation to cite this case for the opposite proposition.[3]

The defendants did manage to cite one case the Fifth Circuit has not yet criticized or distinguished, *Stouffer Corp. v. Donald E. Breckenridge*, 859 F.2d 75 (8th Cir. 1988). This court would remind the defendants, however, that where specifically controlling law exists in this circuit, this court is bound to follow it.

---

1. For reasons that are explained *infra,* citizenship of the limited partners is irrelevant for purposes of determining the existence of diversity.

2. This court, and the plaintiff, were easily able to locate the law of this Circuit via Shepard's Citations. The court would strongly recommend to defendants' counsel that in the future they make use of this simple research tool.

3. Sanctions under FED.R.CIV.P. 11 would be entirely appropriate for this misrepresentation, and this court will not hesitate to impose them if defendants' counsel repeats this performance.