757 F.Supp. 1026 (1991)
Willie J. STEVENSON, Plaintiff,
v.
NABISCO BRANDS, INC., et al., Defendants.
No. 90-1588-C-5.
United States District Court, E.D. Missouri.
February 27, 1991.
*1027 Willie J. Stevenson, Maplewood, Mo., pro se.
Clyde E. Craig, Craig & Craig, St. Louis, Mo., for Steininger and Teamsters Local Union No. 688.
Dennis C. Donnelly, Sabrina M. Wrenn, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for Nabisco and Iler.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff, appearing pro se, filed this action against defendants alleging breach of an employment contract. This cause is before the Court on defendant Nabisco Brands, Inc. ("NBI") and defendant Donald Iler's joint motion for summary judgment.
Courts have repeatedly recognized that summary judgment is a harsh remedy which should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Associated Electric Cooperative Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. City of Mt. Pleasant, supra, 838 F.2d at 273. Once the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. Matsushita Electric Industrial Co. v. Zenith Radio, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the non-moving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that can logically be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the non-moving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.
Plaintiff is a former employee of NBI. Defendant Donald Iler was plaintiff's supervisor at NBI. Defendant Teamsters Local No. 688 ("Local 688") is the exclusive collective bargaining agent for all production *1028 and maintenance employees at the St. Louis, Missouri NBI plant.[1]
On January 8, 1990 plaintiff was hired by NBI as a casual employee. The hiring of casual employees is provided for in Article VIII of the collective bargaining agreement between NBI and Local 688 in effect at all times relevant to this action. Casual employees are used to replace absent employees and perform overflow work. Casual employees do not receive fringe benefits such as sick leave, vacation and holiday pay, and insurance benefits. Casual employees do not accrue seniority. On February 21, 1990 plaintiff was discharged.

A. Federal Question Jurisdiction

Plaintiff does not allege a basis for federal question jurisdiction. The source of a federal question, however, is obvious on the face of plaintiff's complaint. Plaintiff alleges that NBI, his employer, violated the collective bargaining agreement when it terminated him. Plaintiff also alleges that Local 688 failed to represent plaintiff after his discharge. In essence, plaintiff has filed a hybrid breach of contract/unfair representation claim under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. In a hybrid suit under § 301 of the LMRA, plaintiff must show that NBI breached the collective bargaining agreement and that Local 688 breached its duty of fair representation to recover against either NBI or Local 688. Hines v. Anchor Motor Freight Inc., 424 U.S. 554, 570-71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976).
Defendants assert that under the collective bargaining agreement casual employees are regarded as at will employees who may be discharged for any reason or no reason at all. Casual employees are not entitled to be discharged only for just cause as are regular employees under the collective bargaining agreement. Therefore, NBI did not breach the collective bargaining agreement when it discharged plaintiff without just cause.
The collective bargaining agreement between NBI and Local 688 is a contract. Whether casual employees may only be dismissed for just cause "turns upon the proper interpretation of the particular contract before [the Court]. Like other contracts, it must be read as a whole and in light of the law relating to it when made." Mastro Plastics Corp. v. NLRB, 350 U.S. 270, 279, 76 S.Ct. 349, 356, 100 L.Ed. 309 (1956). In interpreting the collective bargaining agreement the Court may also consider the bargaining history between the parties, the context in which the contract was negotiated, the interpretation of the contract by the parties, and the conduct of the parties that bears upon the meaning of the relevant terms. International Brotherhood of Electrical Workers, Local 387 v. NLRB, 788 F.2d 1412 (9th Cir.1986) (Citations omitted).
Article VI, Section 1 of the collective bargaining agreement provides, in relevant part: "The Employer shall not discharge any employee without just cause...." (Emphasis added). Article VIII of the collective bargaining agreement does not indicate whether casual employees may be discharged at will or whether they may be terminated only for just cause. By contrast, Article VIII expressly states that probationary employees may be discharged "without further recourse." Although there is no comparable explicit statement regarding casual employees, NBI has taken the position that casual employees may also be terminated "without further recourse." Under the maxim of expressio unius est exclusio alterius, the fact that the collective bargaining agreement specifies at will employment for probationary employees but does not designate the status of casual employees suggests that casual employees, under Article VI, may only be terminated for just cause.
The Court concludes, however, that defendants' interpretation of the contract is correct. First, NBI and Local 688, the parties to the collective bargaining agreement, *1029 interpret the just cause provision not to apply to casual employees. The practice between the parties since the execution of the agreement has been to treat casual employees as being terminable at will. The Court is hesitant to disagree with the interpretation agreed upon by both parties to the collective bargaining agreement. Bagsby v. Lewis Bros. Inc., 820 F.2d 799, 802 (6th Cir.1987) (citing Dill v. Greyhound Corp., 435 F.2d 231, 237-238 (6th Cir.1970), cert. denied, 402 U.S. 952, 91 S.Ct. 1622, 29 L.Ed.2d 122 (1971)).
Second, the at will termination of casual employees is consonant with the treatment of casual employees under the collective bargaining agreement. Casual employees are used to fill in for regular employees when there is an employee shortage or a work overflow. Casual employees receive no fringe benefits such as vacation pay, holiday pay, sick leave, funeral leave, jury pay, or insurance coverage. Casual employees acquire no seniority. Although casual employees are provided for in the collective bargaining agreement, and become union members after thirty days, casual employees are exempted from most of the advantages of union membership. It is reasonable, given the subordinate status of casual employees, that they be exempted from the just cause provision of the collective bargaining agreement as well.
Third, in Rupe v. Spector Freight Systems, Inc., 679 F.2d 685 (7th Cir.1982), the court held that casual employees were not entitled to termination for just cause. The court, interpreting a collective bargaining agreement provision that was very similar to the one in the instant matter, stated:
Since casual employees were expressly defined as something other than "seniority" employees there was a reasonable basis under the terms of the contract for concluding that casual employees enjoyed essentially the same rights as the other category of non-seniority employees, probationary workers. For this reason, and because probationary employees clearly could be terminated at will, it certainly was not unreasonable ... to conclude that the just cause limitation ... did not apply to [casual employees].
679 F.2d at 693.
Therefore, the Court concludes that NBI did not breach the collective bargaining agreement when it terminated plaintiff at will. Under § 301 of the LMRA, plaintiff must demonstrate both a breach of contract by the employer and a breach of the union's duty of fair representation. Bagsby, supra, 820 F.2d at 800. Unless plaintiff demonstrates both violations, plaintiff cannot succeed against either party. Id. Because plaintiff did not demonstrate a violation by the employer, the Court enters summary judgment against plaintiff and in favor of all defendants on the merits of plaintiff's claim under § 301 of the LMRA.

B. Diversity Jurisdiction

In his complaint plaintiff asserted diversity as a source of federal court jurisdiction for his state law breach of contract and extortion claims. A federal district court has jurisdiction over all civil actions where the amount in controversy exceeds $50,000.00 and the parties are citizens of different states. 28 U.S.C. § 1331. Complete diversity among the parties must exist before a federal court may exercise diversity jurisdiction over an action. Stouffer Corp. v. Breckenridge, 859 F.2d 75, 76 (8th Cir.1988). Plaintiff is a citizen of the State of Missouri. Defendant Donald Iler is also a citizen of the State of Missouri. Therefore, the requirements of diversity jurisdiction are not satisfied. The Court dismisses plaintiff's state law claims against defendants for lack of subject matter jurisdiction.

C. Sanctions

Defendants NBI and Donald Iler seek for the Court to sanction plaintiff pursuant to Fed.R.Civ.P. 11 for filing this lawsuit.[2] In their answer to plaintiff's complaint, defendants Local 688 and Donna Steininger request sanctions and assert that plaintiff's complaint is barred by collateral estoppel. On March 9, 1990 plaintiff *1030 brought another lawsuit against defendants that arose from his February 21, 1990 termination. Plaintiff alleged that his termination was the result of unlawful discrimination on the basis of his race, his age, and his status as a Vietnam veteran. See Stevenson v. Nabisco Brands, Inc., No. 90-425-C-5. In an order dated June 13, 1990 this Court dismissed plaintiff's suit for lack of subject matter jurisdiction because plaintiff had not filed a charge of discrimination with the Equal Employment Opportunity Commission or the Missouri Commission on Human Rights.
Although this is the second lawsuit arising from plaintiff's discharge, plaintiff has sued on two completely different theories. In the first action, plaintiff alleged that his termination violated federal employment discrimination laws. In the second action, plaintiff alleged that his termination violated the terms of the collective bargaining agreement. Although Rule 11 sanctions would be appropriate if "plaintiff ha[d] raised the same or similar issues" in both cases, as Judge Filippine concluded, the factual and legal issues in plaintiff's cases are plainly distinct. Furthermore, there is no evidence that plaintiff is filing these suits to harass defendants. Instead, plaintiff appears to have sincerely pursued the adjudication of his federal statutory rights.[3] Under these circumstances the Court declined to award sanctions against plaintiff.

ORDER
In accordance with the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendant Nabisco Brands, Inc. and defendant Donald Iler's joint motion for summary judgment is GRANTED.
IT IS FURTHER ORDERED that judgment is entered in favor of all defendants and against plaintiff on the merits of plaintiff's claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.
IT IS FURTHER ORDERED that plaintiff's state law claims are DISMISSED for lack of subject matter jurisdiction.
IT IS FINALLY ORDERED that plaintiff's motion for judgment on the pleadings is DENIED.
NOTES
[1] Plaintiff did not identify defendant Gene Zoest. Defendants assert that they have no record of Gene Zoest as an employee of NBI. The Court assumes that defendant Donna Steininger, who is also unidentified, is an official of Local 688.
[2] In an order dated January 8, 1991 the Court denied defendants' motion for sanctions. The Court, however, did not explain the reason for its decision in that order.
[3] The Court does not suggest that it will tolerate the continuous filing of lawsuits as plaintiff discovers different legal theories upon which to sue.