192 F.Supp.2d 993 (2002)
The DIAL CORPORATION, Plaintiff,
v.
AUTOMOTIVE, PETROLEUM AND ALLIED INDUSTRIES EMPLOYEES UNION, LOCAL 618, affiliated with the International Brotherhood of Teamsters, AFLCIO, Defendant.
No. 4:00CV1650 RWS.
United States District Court, E.D. Missouri, Eastern Division.
January 8, 2002.
*994 Hollye Stolz Atwood, Gregg M. Lemley, Bryan Cave LLP, St. Louis, MO, David Manjarres, Michael R. Flaherty, Jackson and Lewis, Chicago, IL, for Dial Corp.
Clyde E. Craig, Clyde E. Craig, P.C., St. Louis, MO, for Local 618 Auto., Petro., and Allied Industries Employees Union.

MEMORANDUM AND ORDER
SIPPEL, District Judge.
The Dial Corporation ("Dial") and Automotive, Petroleum and Allied Industries Employees Union, Local 618, affiliated with the International Brotherhood of Teamsters, AFLCIO ("the Union") submitted their dispute regarding appropriate pay for Shipping Clerks to arbitration in July, 2000. The arbitrator found that the Shipping Clerks' job had changed and that they were entitled to an increased rate of pay. Following the arbitrator's Opinion and Award ("Award"), Dial filed this lawsuit claiming that the arbitrator ignored a crucial portion of the analysis required by the collective bargaining agreement in making his decision to increase the Shipping Clerks' rate of pay. Dial claimed the arbitrator exceeded his authority and sought to set aside the Award. The Union filed a counterclaim alleging that Dial refused to comply with the arbitrator's Award.
The parties filed cross-motions for summary judgment. The Court granted summary judgment in favor of the Union enforcing the arbitration Award. In addition, the Court ordered the parties to submit briefs regarding damages.
The issue of damages and attorney's fees are currently before the Court. The Court reiterates its finding that the arbitrator's Award will be enforced and that the Shipping Clerks' increased rate of pay will be retroactive to the date the job was established. Further, all Shipping Clerks employed as of the date the job was established are entitled to the damages awarded pursuant to the arbitrator's Award. Finally, attorney's fees will not be awarded to the Union because the Court finds that Dial did not file this lawsuit in bad faith.

I. Facts
Dial is a manufacturer of laundry detergent products and is authorized to do business in Missouri. The Union is a collective bargaining representative for about 260 Dial employees at the St. Louis facility. Dial and the Union entered into a collective bargaining agreement in effect from July 8, 1998 to July 8, 2001.
On July 5, 1999, Dial installed a computer system used to log shipments into the plant from a batch system, Opus, to a real time system, Oracle.[1] The new system *995 added approximately 10 minutes per shipment to the Shipping Clerks' previous log time. The facility logs on average 50 to 55 shipments each day. Due to the increased time the new system required, Dial doubled the number of employees within this department. Before the new system was installed, one Shipping Clerk worked each shift. Since the installment of the new system, two Shipping Clerks were needed during every shift.[2]
Due to the installation of the new system, the Shipping Clerks filed a grievance on October 4, 1999, regarding appropriate pay for their new responsibilities.
Article 13, Section 2(b) of the collective bargaining agreement provides as follows:
In the event the Company establishes a new job, substantially changes the duties of an existing job or combines on or more jobs, it shall place into effect what it considers the appropriate rate of the new or substantially changed job, and notify the Union in writing of the change and the new rate. After the job has been in effect for thirty (30) calendar days, the Union shall have the right to request a conference to discuss with the Company the rate of pay assigned to the job, but such conference must be requested prior to forty-five (45) days after the job has been in effect. Should the parties agree on the new rate of pay, the rate of pay shall be effective as of the date of the establishment of the job by the Company. In the event the Union and the company cannot agree on the rate of pay for the job, the Union may, within ten (10) working days from the last conference on the subject with the Company, submit the question of the appropriate rate of pay for the job to arbitration in accordance with Article 8 of this Agreement. Any higher rate resulting from the arbitration shall be placed into effect as of the date of the job and rate of pay were established by the Company. In deciding the proper rate for the job, the arbitrator shall be confined to setting a rate in accordance with the rates paid the more nearly comparable jobs in the Plant.
On July 12, 2000, Arbitrator Charles J. Marino presided over an arbitration hearing between the parties. The parties then submitted their respective briefs to the arbitrator to assist him in his decision. On September 11, 2000, the arbitrator issued his Award. The arbitrator found that the Shipping Clerks' rate of pay should be increased to that of a Class IV position. The arbitrator stated:
The Arbitrator has seen the new operation called `Oracle,' described above, and both the company and the Union have provided the needed evidence to convince the Arbitrator that both of the Parties are, in reality, agreeing that the job changed pursuant to Article 13, Sec. 2(b) and, therefore, a new rate must be established.
Dial filed its complaint under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, the Federal Arbitration Act, 9 U.S.C. § 1, and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Union brought its counter claim under the LMRA and the National Labor Relations Act, 29 U.S.C. § 2.
The Court granted summary judgment in favor of the Union enforcing the arbitration Award. The issue remains, however, what damages should be awarded.
Dial contends that the increased rate of pay should be retroactive to the date the Shipping Clerks filed their grievance, October *996 4, 1999. Dial argues this is in accordance with its past practices. The Union contends that the increased rate of pay should be retroactive to the date the new system was installed, July 5, 1999. The Union argues this is in accordance with the Award and the terms of the collective bargaining agreement.
Further, the Union claims that Dial should include Belinda Rutherford ("Rutherford") in its damages award because she worked as a Shipping Clerk until July 25, 2000. Dial argues that she should not be included because she was no longer a Shipping Clerk on the date the grievance was finally settled.
Finally, the Union argues it is entitled to attorney's fees and costs. The Union contends that filing this lawsuit was frivolous and done so in bad faith.

II. Discussion

A. Damages

1. Payments are retroactive to the date the job was established.
This Court has previously found that the arbitrator's Award was drawn from the essence of the collective bargaining agreement. The arbitrator found the following: "The Award is to change the classification of Shipping Clerk to Class IV, and in accordance with Article 13, Section 2(b) make the rate effective the date the job and rate of pay were established by the Company. The arbitrator explained that, "On July 5, Dial converted to an Oracle order-to-cash ("OTC") computer program. The changeover was instantaneous.""
Article 13, section 2 of the collective bargaining agreement between the Union and Dial provides that, "In the event the Union and the company cannot agree on the rate of pay for the job, the Union may, within ten (10) working days from the last conference on the subject with the Company, submit the question of the appropriate rate of pay for the job to arbitration in accordance with Article 8 of this Agreement. Any higher rate resulting from the arbitration shall be placed into effect as of the date of the job and rate of pay were established by the Company."
In accordance with the Court's previous order enforcing the arbitration Award, the Court again finds that the arbitrator applied the terms of the collective bargaining agreement to the facts before him. The arbitrator clearly pronounced a classification change to Class IV. Additionally, the arbitrator explained that he believed the Shipping Clerks' job responsibilities changed with the computer program conversion on July 5, 1999, thereby requiring the classification change. As a logical conclusion, the Court finds that the arbitrator interpreted "the date of the job and rate of pay were established by the Company" as being July 5, 1999the date the Shipping Clerks' job responsibilities changed. The arbitrator found that the Class IV job was established on that day. The rate of pay remained the same merely because Dial disagreed that the classification for the Shipping Clerks had changed.
With regard to the rate of pay, the Court notes that the parties have agreed that the Shipping Clerks' rate of pay should be increased to the Class IV line leader rate of pay.[3]
As a result, Dial will be required to make retroactive payments to the Shipping Clerks at the Class IV line leader rate of pay from July 5, 1999, the date the Class IV job classification was established.

*997 2. All Shipping Clerks employed as of July 5, 1999 will be included as part of the damages amount.
The Union argues that Belinda Rutherford, a Shipping Clerk who voluntarily terminated her employment on July 25, 2000, is entitled to retroactive payments from July 5, 1999 to July 25, 2000. Dial argues that because she was no longer employed on the date the dispute was resolved, she is not entitled to the retroactive payments. Dial contends this is in accordance with its past practices.
The arbitrator did not address this issue in his Award. Further, neither party addressed this issue in their cross-motions for summary judgment.[4] However, the Court has found that the arbitrator determined the classification change occurred on July 5, 1999. As a result, Shipping Clerks employed by Dial on that date are entitled to the retroactive rate of pay.
The Court will not name specific employees entitled to damages, but will order that employees classified as Shipping Clerks as of July 5, 1999, will receive retroactive pay for hours worked since July 5, 1999.

B. Attorney's Fees
Section 301 of the LMRA does not authorize awarding attorneys' fees to the prevailing party. Actors' Equity Assoc. v. American Dinner Theatre Institute, 802 F.2d 1038, 1043 (8th Cir.1986). The Eighth Circuit "has recognized attorneys' fees may be awarded in an action brought under section 301, but only where the losing party clearly acted in bad faith." Id. at 1042. Bad faith is a factual determination for the court and exists where a party's claim is totally without merit. Id. Attorneys' fees may be awarded where the claim was "frivolous, unreasonable, or groundless, or [where the party] continued to litigate after it clearly became so." Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).
The Court finds that although Dial's claims were not ultimately successful, Dial's arguments for vacating the arbitrator's Award were not legally frivolous or made in bad faith. Dial believed the arbitrator exceeded his authority and brought its concerns to this Court for a legitimate resolution. The Court will not award the Union attorney's fees and costs.

III. Conclusion
The Union is entitled to retroactive payments beginning July 5, 1999.[5] The payment is the difference between the Tech III rate of pay and the Class IV line leader rate of pay. The Court also finds that all employees employed by Dial as Shipping Clerks as of July 5, 1999, are entitled to retroactive payments for hours worked since July 5, 1999. Further, because Dial did not file its claims in bad faith, the Union will not be awarded attorney' fees and costs.
In addition, the Court has been provided with no information regarding the rate of pay for Class IV line leaders, nor the total amount of hours worked by the Shipping Clerks from July 5, 1999. As a result, the Court is without the appropriate information to enter a separate Judgment in this *998 matter. The Court will order the parties to file a Joint Proposed Judgment stating the total amount of damages due the Union in accordance with this Memorandum and Order.
Accordingly,
IT IS HEREBY ORDERED that Plaintiff The Dial Corporation shall pay the difference between the Tech III rate of pay and the Class IV rate of pay beginning July 5, 1999 to all Dial Corporation Shipping Clerks for hours worked since July 5, 1999.
IT IS FURTHER ORDERED that Defendant Automotive, Petroleum and Allied Industries Employees Union, Local 618, affiliated with the International Brotherhood of Teamsters, AFLCIO is not entitled to attorney's fees and costs as the prevailing party.
IT IS FURTHER ORDERED that the parties shall file a Joint Proposed Judgment stating the total amount of damages due Defendant Automotive, Petroleum and Allied Industries Employees Union, Local 618, affiliated with the International Brotherhood of Teamsters, AFLCIO, no later than 10 days from the date of this Order.
NOTES
[1] Dial argues that the system was not completely installed and/or functional until the end of September, 1999.
[2] Neither party provides the date on which the additional Shipping Clerk positions were posted.
[3] The arbitrator's Award stated that the classification for Shipping Clerks should be changed to Class IV. Dial, however, explained in its brief on damages that the parties agreed to the Class IV line leader rate of pay.
[4] Dial argues Rutherford is a "casual employee", and therefore, is not entitled to the same benefits as the remaining Shipping Clerks covered under the collective bargaining agreement. See Stevenson v. Nabisco Brands, Inc., 757 F.Supp. 1026 (E.D.Mo.1991). The Court, however, finds that the parties have not provided enough information to determine whether Rutherford is a casual employee.
[5] Dial has already begun making these payments, but did so beginning October 4, 1999, rather than July 5, 1999.